1

2

3

4

5

6

7

8             IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   FRANCISCO JOSE PRUETT,

11          Plaintiff,                    No. 2:11-cv-00195 KJN

12      v.

13   MICHAEL J. ASTRUE,
     Commissioner of Social Security,
14
            Defendant.              ORDER TO SHOW CAUSE
15   _____/

16          In an order dated January 26, 2011, the undersigned granted plaintiffs' application

17   to proceed in forma pauperis, and ordered the service of plaintiffs' complaint on defendant

18   Commissioner of Social Security.  (Dkt. No. 3.)  That order directed the Clerk of Court to send

19   certain materials to plaintiff in relation to service of his complaint, and the Clerk of Court did so

20   on January 27, 2011.  (Dkt. No. 5.)  The court's order also provided that: "Within fourteen days

21   from the date of this order, plaintiff shall submit to the United States Marshal an original and five

22   copies of the completed summons, five copies of the complaint, five copies of the scheduling

23   order and a completed USM-285 form, *and shall file a statement with the court that said*

24   *documents have been submitted to the United States Marshal.*"  (Dkt. No. 3.)

25          As of the date of this order, plaintiff has not filed the required statement notifying

26   the court that he timely submitted the required service documents to the United States Marshal.

1

Plaintiff's failure to comply with the court's order and prosecute his lawsuit are grounds for dismissal.  See Fed. R. Civ. P. 41(b); Local Rules 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."), 183(a) (providing that a party proceeding without counsel is "is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law," and that failure to comply with these authorities "may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules"); see Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

Accordingly, IT IS HEREBY ORDERED that:

1.    On or before March 31, 2011, plaintiff shall file a written statement showing: (a) whether he has now complied with the court's January 26, 2001 order; and (b) good cause why his lawsuit should not be dismissed for failure to prosecute and failure to comply with the court's order.

2.    Plaintiff's failure to comply with this order may result in the imposition of sanctions which may include a recommendation that this action be dismissed for lack of prosecution.  See Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

DATED:  March 10, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

2