IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANCISCO JOSE PRUETT,

    Plaintiff,                    No. 2:11-cv-00195 FCD KJN

    v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.               FINDINGS & RECOMMENDATIONS
_____/

        Previously, in an order dated January 26, 2011, the undersigned granted plaintiff Francisco Jose Pruett's application to proceed in forma pauperis and ordered the service of plaintiffs' complaint on defendant Commissioner of Social Security (the "defendant"). (Dkt. No. 3.)[1] That order directed the Clerk of Court to send certain materials to Mr. Pruett (the "plaintiff") in relation to service of his complaint, and the Clerk of Court did so on January 27, 2011. (Dkt. No. 5.) The court's order also provided that: "Within fourteen days from the date of this order, plaintiff shall submit to the United States Marshal an original and five copies of the completed summons, five copies of the complaint, five copies of the scheduling order and a completed USM-285 form, *and shall file a statement with the court that such documents have*

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(15).

*been submitted to the United States Marshal.*"  (Dkt. No. 3.)

Plaintiff did not comply with the court's order regarding service and apparently has taken no steps to effectuate service of his complaint upon defendants.  Indeed, the docket reveals no activity in this case by plaintiff since January 21, 2011, when plaintiff filed his complaint. (Dkt. No. 1.)

Because of plaintiff's failure to act in this matter, the undersigned entered, on March 10, 2011, an Order to Show Cause ("OSC").  (OSC, Dkt. No. 6.)  That OSC gave plaintiff a deadline of March 31, 2011, to file a written statement showing good cause why his lawsuit should not be dismissed for failure to prosecute and failure to comply with the court's prior order, and (2) informed plaintiff that his failure to comply with the order may result in the imposition of sanctions, including a recommendation that his action be dismissed for lack of prosecution.  (Id.)   That OSC also notified plaintiff that

> a failure to comply with the court's order and prosecute his lawsuit are grounds for dismissal.  See Fed. R. Civ. P. 41(b); Local Rules 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."), 183(a) (providing that a party proceeding without counsel is "is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law," and that failure to comply with these authorities "may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules"); see Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

(Dkt. No. 6 at 2.)

The court's docket reveals that, to date, plaintiff: (1) still has not filed the required statement notifying the court that he timely submitted the required service documents to the

United States Marshal, and (2) failed to respond to the OSC. It readily appears to the undersigned that plaintiff has abandoned his case. Accordingly, the undersigned recommends that this action be dismissed without prejudice.

II.     DISCUSSION

As the undersigned's order of March 10, 2011, already informed plaintiff (Dkt. No. 6), a failure to comply with the court's order and prosecute his lawsuit are grounds for dismissal. See Fed. R. Civ. P. 41(b); Local Rules 110. The court has given plaintiff very clear warnings that his case would be dismissed for failure to prosecute his action, as well as his failure to comply with the Federal Rules of Civil Procedure, the court's orders, or the court's Local Rules. The court's docket reveals that plaintiff has again failed to file any written statement of compliance with the court's orders despite the extended March 31, 2011 deadline set in the order dated March 10, 2011. Plaintiff failed to file any documents despite being given an additional opportunity to do so and explicit warnings that the failure to file a written statement would result in the dismissal of his lawsuit. Despite the clear directions within the court's orders, plaintiff filed no written statement of compliance nor any other document. Plaintiff's repeated failure to file such a document is grounds for dismissal of his suit.

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to comply with the court's orders.[2] See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute

---

[2] Rule 41(b) provides, in part: **"(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to prosecute when habeas petitioner failed to file a first amended petition).  This court's Local Rules are in accord.  See E.D. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Local Rule 183(a) (providing that a pro se party's failure to comply with the Federal Rules of Civil Procedure, the court's Local Rules, and other applicable law may support, among other things, dismissal of that party's action).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules.  See, e.g., Ferdik, 963 F.2d at 1260.  Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation;
> (2) the court's need to manage its docket; (3) the risk of prejudice
> to the defendants; (4) the public policy favoring disposition of
> cases on their merits; and (5) the availability of less drastic
> alternatives.

Id. at 1260-61; accord Pagtalunan, 291 F.3d at 642-43; Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).  The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do."  In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

Although involuntary dismissal can be a harsh remedy, the five relevant factors weigh in favor of dismissal of this action.  The first two factors strongly support dismissal of this action.  Plaintiff's failure to assist the United States Marshal's office in serving the complaint and failure to communicate with the court despite two orders directing him to do so strongly suggests

4

that plaintiff has abandoned this action or is not interested in seriously prosecuting it. See, e.g., Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). Plaintiff's failure to respond to the court's order directing service and the OSC, despite clear warnings that the case would be dismissed for failure to respond, further supports the conclusion that plaintiff has abandoned this action. Any further time spent by the court on this case, which plaintiff has demonstrated a lack of any serious intention to pursue, will consume scarce judicial resources and take away from other active cases. See Ferdik, 963 F.2d at 1261 (recognizing that district courts have inherent power to manage their dockets without being subject to noncompliant litigants).

In addition, the third factor, which considers prejudice to a defendant as a result of plaintiff's failure to prosecute his action and comply with the court's orders should be given some weight. See Ferdik, 963 F.2d at 1262. The defendant has been subject to service of plaintiffs' complaint since January 27, 2011, but plaintiff has taken no steps to advise defendant of this fact or effectuate service. Although it is difficult to quantify the prejudice suffered by defendant here, it is enough that defendant has been named in a lawsuit that plaintiff has effectively abandoned. At a minimum, defendant has been prevented from attempting to resolve this case on the merits by plaintiff's unreasonable delay in prosecuting this action. Unreasonable delay is presumed to be prejudicial. See, e.g., In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d at 1227.

The fifth factor, which considers the availability of less drastic measures, also supports dismissal of this action. As noted above, the court has actually pursued remedies that are less drastic than a recommendation of dismissal. See Malone v. U.S. Postal Serv., 833 F.2d 128, 132 (9th Cir. 1987) ("[E]xplicit discussion of alternatives is unnecessary if the district court actually tries alternatives before employing the ultimate sanction of dismissal."). The court entered the OSC and required plaintiff to respond to the OSC in an effort to ascertain whether plaintiff still had any interest in pursuing his lawsuit. (Dkt. No. 6.) Furthermore, the court

repeatedly advised plaintiff that he was required to comply with the court's orders, including its order regarding service of the complaint. It also warned plaintiff in clear terms that failure to comply with the court's orders could result in a recommendation of dismissal. Warning a plaintiff that failure to take steps towards resolution of his or her action on the merits will result in dismissal satisfies the requirement that the court consider the alternatives. See, e.g., Ferdik, 963 F.2d at 1262 ("[O]ur decisions also suggest that a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.") (citing Malone, 833 F.2d at 132-33). At this juncture, the court finds no suitable alternative to a recommendation for dismissal of this action.

The court also recognizes the importance of giving due weight to the fourth factor, which addresses the public policy favoring disposition of cases on the merits. However, for the reasons set forth above, factors one, two, three, and five strongly support a recommendation for dismissal of this action, and factor four does not materially counsel otherwise. Dismissal is proper "where at least four factors support dismissal or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations and quotation marks omitted). Under the circumstances of this case, the other relevant factors outweigh the general public policy favoring disposition of actions on their merits. See Ferdik, 963 F.2d at 1263.

In light of the foregoing IT IS HEREBY RECOMMENDED that:

1. Plaintiff's case be dismissed without prejudice as to all defendants pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

2. The Clerk of Court be directed to close this case and vacate all future dates in this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

1  objections with the court and serve a copy on all parties.  Id.; see also E.D. Local Rule 304(b).
2  Such a document should be captioned "Objections to Magistrate Judge's Findings and
3  Recommendations."  Any response to the objections shall be filed with the court and served on
4  all parties within fourteen days after service of the objections.  E.D. Local Rule 304(d).  Failure
5  to file objections within the specified time may waive the right to appeal the District Court's
6  order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153,
7  1156-57 (9th Cir. 1991).

**IT IS SO RECOMMENDED.**

DATED:  April 5, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE